(161 App. Div. 23)

## COMESKY et al. v. FELLOWS.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

TRIAL (§ 260*)—REQUESTED CHARGE—INSTRUCTIONS GIVEN.

Where certain brokers sought to recover commissions on a sale made by the owner and the court clearly charged the law governing the case, and especially stated that defendant, acting in good faith, could sell his property where the broker had failed, it was not error to refuse to charge that, if defendant sold to the purchaser personally in continuation of ne-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gotiations begun before the brokers entered into the matter, whether ·or not plaintiff was still in his employ, he was not entitled to commissions.

[Ed. Note.—For other·cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from Rensselaer County Court.

Action by Stephen Comesky and another doing business as Comesky & Morier against J. Frank Fellows. From a judgment for plaintiffs, and from an order denying defendant's motion for a new trial on the minutes, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Henry W. Smith, of Troy (S. B. Smith, of Troy, of counsel), for appellant.

Thomas F. Galvin, of Troy, for respondents.

WOODWARD, J. The plaintiffs bring this action, as brokers, to recover a commission alleged to have been earned by them in procuring a customer who purchased the defendant's premises at a price satisfactory to him. It is not disputed that the plaintiffs were, at one time, employed for the purpose of procuring a customer, and there is evidence that the defendant, while fixing an asking price of $9,500, directed the plaintiffs to look for customers and to confer with him as to any offers which they might obtain. There is likewise evidence that the plaintiffs advertised customers, and that one Deavitt responded to the advertisement and made an offer of $7,500, which was reported to the·defendant, who rejected the offer, that after considerable negotiation Deavitt made an offer of $8,000, which was likewise rejected by the defendant, and that in a few days after this offer through the plaintiffs, Deavitt purchased the premises from the defendant for $8,200, without the knowledge of the plaintiffs, and the theory of the defense is that the plaintiffs are not entitled to the commission agreed upon ·because of the fact that some two years before the defendant had* had some negotiations with Deavitt, who had at that time made an offer of $8,000 for the premises, and that, as the plaintiffs failed to get Deavitt to raise the offer above that figure, they failed in the performance of their contract, and it is contended that the defendant had taken the property out of the hands of the plaintiffs before the sale was made. The issues involved were submitted to the jury; and, while it is true that there was a conflict of evidence, we are not able to discover such a weight of evidence in support of the defendant's contention as to justify a reversal of the judgment entered upon the verdict of ·a jury, and unless there was reversible error in the charge of the court, no ground is pointed out which is sufficient to defeat the plaintiffs' recovery. It may be that abstractly the request to charge "that if the jury decides on all the evidence that the defendant sold to Mr. Deavitt personally, in continuation of negotiations begun before the plaintiff entered into the matter, whether or not Mr. Morier, the plaintiff, was still in his employ, he is not entitled to commission" was proper enough, but the learned court had clearly pointed out the law governing the case, had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

indicated clearly that the defendant, acting in good faith, could sell his property where the broker had failed, and we are of the opinion that the case would have gained nothing in clearness from a granting of the request. ` The refusal does not, in our opinion, constitute reversible error, and the judgment should not be reversed.

The judgment and order appealed from should be affirmed, with costs. All concur.